UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| REBECCA PARTH, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2: 11-334-DCR |
| V. | ) | |
| WAL-MART STORE, INC. STORE 1510, | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Wal-Mart Store, Inc. Store 1510 ("Wal-Mart") removed this action from Boone Circuit Court on November 21, 2011.[1] [Record No. 1] Upon review of the Notice of Removal, the Court determined that Wal-Mart had not adequately established the Court's subject-matter jurisdiction over the claims of Plaintiff Rebecca Parth, who alleges that she was injured when Wal-Mart negligently allowed an operational Weedeater to be used as a display model at the store. [*See* Record No. 4-2] In an Order entered November 23, 2011, the Court pointed out that, while Wal-Mart invoked the Court's diversity jurisdiction by asserting that "[t]he amount in controversy in this action is believed to exceed the sum of $75,000.00 exclusive of interest and costs," the complaint quoted in support of that assertion was from a different case. [Record No. 1, p. 2 ¶ 5; *see* Record No. 5, p. 2] The Court continued: "Nor does it appear from

---

[1] The parties recently tendered an Agreed Entry of Substitution indicating that Wal-Mart Stores East, LP, rather than Wal-Mart Store, Inc. Store 1510, is the proper defendant. [Record No. 7] In light of the Court's determination that it lacks subject-matter jurisdiction, such changes need not be addressed here and instead should be raised in the state court upon remand.

the face of [Parth's] Complaint that the amount-in-controversy requirement is met. Parth merely demands judgment against Wal-Mart 'in an amount in excess of the jurisdictional limits of th[e Boone Circuit] Court,' *i.e.*, $5,000." [Record No. 5, p. 3 (second alteration in original) (citations omitted)] Wal-Mart was given ten days within which to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. [*See id.*] The Court put Wal-Mart on notice that "[f]ailure to timely and sufficiently respond to the Order w[ould] be grounds for summary dismissal of this action and remand to state court." [*Id.*]

In response to the show-cause Order, Wal-Mart filed an Amended Notice of Removal.[2] [Record No. 6] The Amended Notice restates the grounds set forth in Wal-Mart's original Notice of Removal, with the exception of paragraph 6. That paragraph states:

> The amount in controversy in this action is believed to exceed the sum of $75,000.00 exclusive of interest and costs. While the Complaint does not contain a specific requested amount, Plaintiff's Complaint specifically alleges "serious physical injury to her person, emotional distress, mental anguish and monetary damages." Further, Rebecca Parth demands the following in her Complaint: "A. As to Count One judgment against the Defendant, in favor of the Plaintiff in an amount in excess of the jurisdictional limits of this court. B. Trial by jury. C. Court costs and expenses incurred as a result of this proceeding. D. Any and all other relief to which she may appear entitled."

[*Id.*, p. 2 ¶ 6] In other words, Wal-Mart simply quotes the correct complaint.

The Court has already determined, however, that Parth's Complaint contains insufficient information to establish that the amount in controversy exceeds $75,000. [*See* Record No. 5, p. 3] Her allegation of "serious physical injury to her person, emotional distress, mental anguish

---

[2] While the filing is captioned "Amended Notice of Removal" and docketed as a "Response to Order to Show Cause," it also appears to be a motion, as it states that Wal-Mart "moves for leave to file the Amended Notice of Removal." [Record No. 6, p. 1 ¶ 1] As explained herein, the Court lacks jurisdiction to decide any motion filed in this matter.

and monetary damages" does not indicate that her claim is greater than $75,000. [Record No. 4-2, p. 2 ¶ 9] Nor does the general description of her alleged physical injuries — "injuries to her foot [and] toe and whiplash on the right side of her body" — suggest that the amount-in-controversy requirement is satisfied. [*Id.* ¶ 8] Furthermore, the fact that Parth seeks judgment "in an amount in excess of the jurisdictional limits of this court" is not significant; "this court" refers to the Boone Circuit Court, whose jurisdictional limit is only $5,000. [*Id.* ¶ A; *see* Record No. 5, p. 3] Finally, Parth's request for costs and expenses adds nothing to the calculation, since "[s]ection 1332 demands that the matter in controversy exceed $75,000 'exclusive of interest and costs.'" *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 254 (6th Cir. 2011) (quoting 28 U.S.C. § 1332(a)).

As the Court explained previously, a defendant seeking to remove a case from state court based on diversity jurisdiction bears the burden "to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). [*See* Record No. 5, pp. 1-2] Where, as here, the amount of the plaintiff's damages is unclear from the state-court complaint, the defendant must set forth "specific facts" showing that it is "more likely than not that the plaintiff's claims will generate damages in excess of $75,000." *Davis v. Progressive Direct Ins. Co.*, No. 08-369-JBC, 2009 U.S. Dist. LEXIS 5640, at *7 (E.D. Ky. Jan. 26, 2009) (internal quotation marks omitted); *see id.* at *5-6. Wal-Mart has made no such showing, and the Court therefore lacks subject-matter jurisdiction to hear Parth's claims. *See* 28 U.S.C. § 1332(a). Accordingly, it is hereby

**ORDERED** that this case is **REMANDED** to the Boone Circuit Court and **STRICKEN** from the Court's docket.

This 6th day of December, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge